STEPHEN MORGAN v. THE TOWN OF GUTTENBERG, IN THE COUNTY OF HUDSON.

1.  When a municipality is authorized in its charter to have certain improvements made, it is lawful for it to issue, under seal, agreements to collect with promptness the assessments out of which they are to be paid, or on default and notice, to pay the money due.
2.  A breach cannot be laid in an action of *debt* on one of these improvement certificates, of the stipulation to use diligence in making the assessment, as the consequence of such a breach is a right to unliquidated damages.
3.  When the contract calls for a notice of thirty days before suit, an averment that notice was given *on* or *about* a certain day, without showing that such day was at least thirty days prior to the bringing of the action, is not sufficient.

On demurrer to declaration.

Argued at June Term, 1878, before BEASLEY, CHIEF JUSTICE, and Justices DEPUE, SCUDDER and KNAPP.

For the plaintiff, *Cornelius S. See.*

For the defendant, *J. H. Lippincott.*

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE. The questions argued in this case arise on a demurrer which has been put in to the first four counts of the declaration. These counts are identical so far as relates to the points to be decided, and each is founded on a sealed obligation, called an improvement certificate, the title to which, by assignment, is now in the plaintiff. Mere instruments, in substance, certify and covenant that there is a certain sum of money due the holders for improvements in certain streets, who are entitled to receive the same from the treasurer of the town, with interest, in amounts not less than $50 at any time, as the money on said assessment should come to the hands of said treasurer; that the defendant binds itself to use due diligence in making and collecting the said assessment, and in case said assessment shall not be collected within a specified time, that it will pay said principal sum, with interest, to the holder, "upon thirty days' notice of default in the collection of the assessment."

By the charter incorporating the town of Guttenberg, (*Pamph. L.*, 1859, *p.* 199,) no special authority is given to issue an instrument of this kind, and this absence of special authorization is the ground laid in the brief of counsel in support of this demurrer.

But this objection has not, that I can see, any legal foundation whatever. This municipality is expressly authorized to make these improvements, and such an authority necessarily carries with it the right to contract and to incur debts in the doing of such work. Debts of this character would, in the absence of any special agreement, be immediately due on the completion of the labor; and it is presumed that no one will

deny that the authorities of the town could legitimately give a voucher or certificate showing such indebtedness to exist. If this can be done, what is to prevent such debtor and creditor agreeing that such debt, instead of becoming immediately payable, shall become so on the happening of some subsequent event or at some fixed time in the future? Obviously there is no trace of illegality in such an arrangement. Nor is it at all to the purpose to indicate those provisions in this charter which provide that the town is directed to raise these moneys, by a certain appointed mode of proceeding, out of the persons whose property shall have been benefited by the improvement. With such a matter the employé of the town has no more concern than he has when he works for an individual, with the circumstance whether the money that will pay him is to be derived by his employer from the dividends on bank stock, or from the interest on bonds. It is the business of the town alone to provide the means, in the legal manner, for the satisfaction of their legal debts. It is true, that after a judgment has been obtained against a municipality, the court, in enforcing it by *mandamus*, will so apply the remedy as to effectuate, if practicable, the financial methods prescribed by the charter; but such methods do not in any degree incorporate themselves into the contract between the town and its laborer. These principles are familiar, and have often been promulged by this court, and notably so in the recent case of *Knapp* v. *Mayor of Hoboken*, 9 *Vroom* 374.

It may be further noted that if for any reason these certificates in question were originally invalid, they have been expressly legalized by the eighth section of the act of 1875. *Pamph. L., p.* 116.

If, therefore, there appeared in this declaration nothing questionable, but the point above considered, I should think the plaintiff to be entitled to final judgment, but I find an error that seems to have escaped attention, that is fatal to that side.

It appears from the statement of the contract upon which this suit is founded, that there was a stipulation on the part

Little v. Township of Union.

of the town "to use due diligence in the making and collecting of said assessment;" and a second stipulation that it would pay the specified sum after an appointed period, "upon thirty days' notice of default in the collection of the assessment." A breach is laid on each of these stipulations.

But I think these breaches cannot be joined in this action of debt. There is no agreement that on the non-performance of the former of these stipulations the money due is to become payable; and the consequence is that for compensation on such non-performance, the party can claim only damages that are unliquidated. For the breach of such a stipulation the action must be covenant and not debt.

With regard to the other breach assigned, its defect is that it does not show that the notice required was given thirty days before the bringing of the suit. The allegation in this connection is, "that *on or about* the tenth day of July, A. D. 1877, notice of default in collection of said assessment was given to said defendants by the said plaintiff." The declaration is entitled of the 8th of September, 1877, so that it is neither shown nor averred in this pleading that thirty days had elapsed between the service of notice and the inception of the action. As a notice of this kind was a condition precedent to the right to sue, the omission of the requisite statement or averment is necessarily fatal.

On this ground the demurrer must be sustained.